```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES OF AMERICA                                      :
                                                              :
                         -against-                            :    No. 19 Crim. 873 (LGS)
                                                              :
ESAAHN HOUGH,                                                 :         ORDER
                                  Defendant.                  :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

**Procedural History**

WHEREAS, on December 5, 2019, Defendant was indicted for using and carrying a firearm, which was brandished and discharged, during and in relation to a drug trafficking crime and possessing a firearm, which was brandished and discharged, in furtherance of such a crime, in violation of 18 U.S.C. § 924(c). The same day, Defendant was arrested and remanded. On July 6, 2021, Defendant pleaded guilty to a lesser included offense of using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such a crime. Defendant's plea was accepted by the Court on January 18, 2022. On March 14, 2022, Defendant was sentenced to a mandatory minimum term of 60 months' incarceration.

WHEREAS, on April 27, 2022, Defendant filed under seal the instant motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argues seven grounds for finding extraordinary and compelling reasons to warrant a reduction of his sentence: (1) Defendant's medical conditions, including high cholesterol, high blood pressure, and pre-diabetes, (2) psychological conditions including depression and anxiety, (3) harsh conditions of pre-trial confinement during COVID-19, (4) criminal history, (5) evidence of rehabilitation, (6)

re-entry plan and (7) negligence of prison officials.  The Government opposed Defendant's motion (Dkt. No. 80), and filed additional medical records for Defendant under seal.

WHEREAS, the Government does not dispute that Defendant exhausted administrative remedies.  *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) ("§ 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional.").

**Legal Standard**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that "the court . . . may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  When assessing a motion for compassionate release brought by a defendant, district courts have the discretion "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them."  *United States. v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling reasons justify his request for a sentence reduction.  *See United States v. Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020).  Because Defendant filed his compassionate release motion pro se, his submission has been interpreted liberally "to raise the strongest arguments that [it] suggest[s]." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).

**COVID-19 and Defendant's Medical Conditions**

WHEREAS, Defendant has not demonstrated that the risk of COVID-19 constitutes an extraordinary and compelling circumstance warranting a sentence reduction.

WHEREAS, Defendant is thirty-one years old and asserts that he suffers from pre-diabetes, high cholesterol, occasional high blood pressure, asthma or reactive airway disease, a

2

heart condition, anxiety and depression, and that he is overweight (though not obese) and a former smoker.  The Centers for Disease Control has stated that people of any age with certain underlying medical conditions are at an increased risk for severe illness from the virus that causes COVID-19.  The CDC has recognized that diabetes, obesity, lung conditions (including asthma), heart conditions (including high blood pressure), mental health conditions (including depression) and having been a smoker all exacerbate the risk from COVID-19.  *See COVID-19: People with Certain Medical Conditions*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medicalconditions.html (last visited October 14, 2022).  Defendant cites medical literature suggesting that pre-diabetes and high cholesterol, among some of the conditions above, are also risk factors for COVID-19, including among young people.  Courts have recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19."  *United States v. Stephens*, 447 F. Supp. 3d 63, 65 (S.D.N.Y. 2020).

       WHEREAS, Defendant has received at least two doses of the COVID-19 vaccine.  Defendant's risk of contracting or experiencing severe illness due to COVID-19 is thus reduced, even in light of his underlying conditions and new variants of the disease.  *See, e.g.*, *United States v. Jaber*, No. 13 Crim. 485, 2022 WL 35434, at *2 (S.D.N.Y. Jan. 4, 2022); *United States v. Farmer*, No. 19 Crim. 427, 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022) (collecting cases).  While vaccination does not mitigate all risk, it does contribute to a finding in this case that COVID-19 does not create an extraordinary and compelling circumstance, particularly given Defendant's relatively less severe and well managed health concerns.

       WHEREAS, even assuming that Defendant's medical conditions may increase the risk of severe health complications from COVID-19, ███████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████

3

████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

WHEREAS, some courts have granted compassionate release to defendants who suffered from diabetes, hypertension, obesity and/or hyperlipidemia; but most such cases, including those cited by Defendant, were decided prior to the availability of the COVID-19 vaccine, and/or involved defendants with additional, significant risk factors. *See, e.g.*, *United States v. Zukerman*, 451 F. Supp. 3d 329, 330 (S.D.N.Y. 2020) (granting compassionate release where defendant was 75 years old and suffered from diabetes, hypertension, and obesity); *United States v. Copeland*, No. 02 Crim. 01120, 2020 WL 2537250, at *2 (E.D.N.Y. May 19, 2020) (finding defendant "among those most vulnerable to" severe COVID-19 due to age, tuberculosis, chronic hepatitis C causing liver necrosis and aortic atherosclerotic disease that increased his risk of stroke and coronary artery disease, as well as hypertension, pre-diabetes and hyperlipidemia); *United States v. Sedge*, No. 16 Crim. 537, 2020 WL 2475071, at *3 (E.D.N.Y. May 13, 2020) (defendant suffered from coronary artery disease as well as hypertension and hyperlipidemia); *United States v. Rojas*, No. 01 Crim. 257, 2020 U.S. Dist. LEXIS 238647, at *2 (S.D.N.Y. Dec. 18, 2020) (defendant "ha[d] served nearly two decades in prison" and his "advanced age . . . Type 2 diabetes, hypertension, high cholesterol, peripheral vascular disease, and obesity, place[d] him at serious risk" of COVID-19); *United States v. Park*, 456 F. Supp. 3d 557, 558-59 (S.D.N.Y. 2020) (defendant "suffer[ed] from serious medical issues including asthma and immune-compromising diseases" in a "facility that the Attorney General has singled out as

experiencing especially high levels of COVID-19 infection"); *United States v. Vondette*, No. 97 Crim. 1010, 2020 WL 7402133, at *3 (E.D.N.Y. Dec. 17, 2020) (seventy-year-old defendant's "age and COPD diagnosis place[d] him at risk of severe complications from COVID-19").

WHEREAS, even prior to the widespread availability of vaccines, courts have found no extraordinary and compelling circumstances where relatively young people had many medical conditions that, like Defendant's, were not particularly severe and could be managed while incarcerated. *See, e.g.*, *United States v. Minaya*, No. 01 Crim. 619, 2020 WL 5512518, at *1 (S.D.N.Y. Sept. 14, 2020) (denying compassionate release to defendant whose many conditions, including hypertension, were manageable and not particularly severe); *United States v. Fuller*, No. 04 Crim. 801, 2021 WL 260121, at *2 (S.D.N.Y. Jan. 26, 2021) (similar); *United States v. Walden*, No. 96 Crim. 0962, 2020 WL 7870670, at *2 (S.D.N.Y. Dec. 31, 2020) (similar).

WHEREAS, since the development of the vaccine, many courts have declined to consider conditions like Defendant's to be extraordinary and compelling reasons for a sentence reduction, particularly where the defendant was fully vaccinated. *See, e.g.*, *United States v. Sanchez,* No. 01 Crim. 74, 2022 WL 4298694, at *2 (S.D.N.Y. Sept. 19, 2022) (finding vaccines have reduced the risk of COVID-19 even for those "with similar co-morbidities associated with COVID-19"); *Farmer*, 2022 WL 47517, at *3 (collecting cases); *United States v. Felix,* No. 16 Crim. 167, 2022 WL 281279, at *3 (S.D.N.Y. Jan. 31, 2022) (finding fully vaccinated defendant who suffered from obesity, diabetes, high blood pressure and asthma was not at a "high risk of contracting severe illness or death as a result of COVID-19"); *United States v. Delgado*, No. 19 Crim. 732, 2022 WL 252064, at *3 (S.D.N.Y. Jan, 27, 2022) ("Because he is fully vaccinated, [Defendant's] medical conditions -- chronic hypertension, obesity, diabetes, hyperlipidemia . . . -- do not place him at a considerably increased risk of severe illness from COVID-19").

**Other Grounds for Defendant's Motion**

WHEREAS, the other grounds cited in Defendant's motion also do not constitute extraordinary and compelling reasons warranting a sentence reduction.

WHEREAS, Defendant points to harsh conditions of his confinement, particularly during the height of the pandemic, including lockdowns, isolation, fear of contracting COVID-19, and reduced access to medical care. "While the Court is sympathetic to the poor conditions many prisoners have faced during the pandemic, generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release." *Farmer*, 2022 WL 47517, at *4. Most of Defendant's incarceration to date took place before he was sentenced. At sentencing, the Court considered the harsh conditions at the Metropolitan Detention Center, particularly during the pandemic. The record contains no evidence that the conditions of Defendant's confinement after sentencing have been particularly harsh.

WHEREAS, Defendant's mental health conditions also do not constitute extraordinary and compelling reasons warranting a sentence reduction. Defendant argues that his mental health conditions have been exacerbated by the conditions of his confinement during COVID-19, including having a broken emergency call button in his living quarters and being unable to call for help. Defendant also argues that his mental health conditions have in turn placed him at greater risk from the virus. While prison conditions have been especially difficult during the pandemic, that is unfortunately true for all incarcerated persons. Consequently, these conditions do not constitute extraordinary and compelling reasons as discussed above. Also, the Court considered these conditions at sentencing, ███████████████████████████████████████
█████████████████████████████.

WHEREAS, Defendant's rehabilitation is admirable, particularly given his limited opportunities to participate in programming while incarcerated.  But Defendant's rehabilitation over a relatively brief time is not so far outside the norm of what is expected of all incarcerated persons as to constitute extraordinary and compelling circumstances warranting a sentence reduction.  The Court considered Defendant's rehabilitation at sentencing, and there is no indication of changed circumstances.

WHEREAS, Defendant's reentry plan and his lack of criminal history are also admirable, particularly given his difficult life prior to his incarceration, but they are not extraordinary and compelling reasons for a sentence reduction.  If anything, the "history and characteristics of the defendant" and his risk of recidivism (or lack thereof) are more properly considered among the § 3553(a) factors *if* a defendant shows extraordinary and compelling reasons for a sentence reduction.  Defendant has not satisfied that threshold requirement, and as discussed below, the § 3553(a) factors do not favor a sentence reduction.  At sentencing, the Court already considered Defendant's lack of prior arrests and convictions, and his desire and plans to turn his life around after this one, and there is no indication that these circumstances have significantly changed.

**Section 3553(a) Factors**

WHEREAS, the Court also considered the § 3553(a) factors at the time of sentencing and found Defendant's sentence warranted under all the circumstances.  In light of the Court's consideration of those factors, Defendant was sentenced to the statutory minimum.  Defendant has not pointed to any changed circumstances relevant to those factors.

WHEREAS, the Court "may have more discretion to depart from a statutorily-mandated sentence" when deciding a motion under § 3582(c)(1)(A), but the § 3553(a) factors do not favor the reduction Defendant requests.  Reducing Defendant's sentence below the statutory minimum,

7

would run contrary to the goals embodied in the § 3553(a) factors because it "would undoubtedly result in significant sentencing disparities." *United States v. Castillo*, No. 03 Crim. 979, 2021 WL 268638, at *6 (S.D.N.Y. Jan. 27, 2021), *aff'd sub nom. United States v. Smith Castillo*, No. 21-168-cr, 2022 WL 3581308 (2d Cir. Aug. 22, 2022). While Defendant's motion focuses on the fact that he sold marijuana as a means of survival, it largely ignores the "the nature and circumstances of the offense" and particularly the "seriousness" of shooting a person multiple times. § 3553(a)(1), (2)(A). A sentence reduction below the minimum set by Congress also would not "promote respect for the law," § 3553(a)(2)(A), particularly since the instant motion was filed just days after sentencing. "[T]he Court declines to grant a reduction that would be so out of step with a term of imprisonment that Congress deems appropriate," particularly where Defendant points to no changed circumstances since he was sentenced. *Id.*

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion for compassionate release is **DENIED** without prejudice to renewal at a later date when and if any circumstances have greatly changed.

The Government is directed to serve on Defendant by mail a copy of the unredacted version of this Order -- which will be sent by email -- and file proof of service on the docket.

Dated: October 31, 2022
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**