UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                           :
UNITED STATES OF AMERICA            :
                                           :
               -against-            :         No. 19 Crim. 873 (LGS)
                                           :
ESAAHN HOUGH,                       :         **ORDER**
                      Defendant.        :
                                           :
--------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

**Procedural History**

WHEREAS, on December 5, 2019, Defendant was indicted for using and carrying a firearm, which was brandished and discharged, during and in relation to a drug trafficking crime, and possessing a firearm, which was brandished and discharged, in furtherance of such a crime, in violation of 18 U.S.C. § 924(c). The same day, Defendant was arrested. On July 6, 2021, Defendant pleaded guilty to a lesser included offense of using and carrying a firearm during and in relation to a drug trafficking crime and possessing a firearm in furtherance of such a crime, and he was detained without bail. Defendant's plea was accepted by the Court on January 18, 2022. On March 14, 2022, Defendant was sentenced principally to a mandatory minimum term of sixty months' incarceration.

WHEREAS, Defendant previously filed under seal his first motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant argued seven grounds for finding extraordinary and compelling reasons to warrant a reduction of his sentence: (1) Defendant's medical conditions, including high cholesterol, high blood pressure and pre-diabetes, (2) psychological conditions, including depression and anxiety, (3) harsh conditions of pre-trial confinement during COVID-19, (4) criminal history, (5) evidence of rehabilitation, (6) re-entry

plan and (7) negligence of prison officials.  The Government opposed Defendant's motion, and

filed additional medical records for Defendant under seal.  In an Order filed October 31, 2022,

("Prior Order") Defendant's motion was denied because he failed to establish extraordinary and

compelling reasons warranting a sentence reduction and because the § 3553(a) factors weighed

against such a reduction.  The motion was denied without prejudice to renewal "if any

circumstances have greatly changed."

WHEREAS, on March 2, 2023, Defendant filed his renewed motion for sentence

reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  He argues that (1) his obesity puts him at

increased risk of severe complications and death if he contracts COVID-19; (2) he lacks

adequate health care in federal prison; (3) he has been exposed to harsh conditions of

confinement during the COVID-19 pandemic and (4) his continued rehabilitative efforts merit a

sentence reduction.  The Government opposes this motion.  On March 21, 2023, Defendant was

transferred from the Federal Correctional Institute Milan in Michigan ("FCI Milan") to the

Bronx Residential Re-Entry Center ("Bronx RRC"), a halfway house that facilitates the

transition of formerly incarcerated defendants back into the community.  Defendant is scheduled

to be released on March 8, 2024.

WHEREAS, the Government does not dispute that Defendant exhausted administrative

remedies.  *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) ("§ 3582(c)(1)(A)'s

exhaustion requirement is not jurisdictional.").

**Legal Standard**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) provides that "the court . . . may reduce the

term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a

reduction . . . and that such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission."  When assessing a motion for compassionate release brought by a

defendant, district courts have the discretion "to consider the full slate of extraordinary and

compelling reasons that an imprisoned person might bring before them."  *United States. v.*

*Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

WHEREAS, Defendant bears the burden of proving that extraordinary and compelling

reasons justify his request for a sentence reduction.  *See United States v. Perez*, 451 F. Supp. 3d

288, 291 (S.D.N.Y. 2020).  Because Defendant filed his compassionate release motion pro se, his

submission has been interpreted liberally "to raise the strongest arguments that [it] suggest[s]."

*Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018).[1]

**COVID-19 and Defendant's Medical Conditions**

WHEREAS, Defendant has not demonstrated that the risk of COVID-19 constitutes an

extraordinary and compelling circumstance warranting a sentence reduction.  The Prior Order

denying Defendant's first motion for sentence reduction addressed numerous of Defendant's

medical conditions, and discussed why they were not sufficient to justify a sentence reduction.

In the present motion, Defendant argues that he is now obese, and that his obesity puts him at an

enhanced risk of severe complications and death should he contract COVID-19.

WHEREAS, the Centers for Disease Control and Prevention has stated that obesity (a

body mass index, or BMI, at or greater than 30 kg/m$^2$) may increase the likelihood of severe

illness from COVID-19.  This risk increases with a higher BMI.  *See COVID-19: People with*

*Certain Medical Conditions*, Ctrs. for Disease Control & Prevention,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations,
emphases, footnotes and citations are omitted.

3

conditions.html [https://perma.cc/Z829-RLX5].  Despite that obesity may confer a greater risk of adverse COVID outcomes, courts have been reluctant to permit sentence reductions on this basis, especially as the public health situation has improved.  *See, e.g.*, *United States v. Blair*, No. 20 Crim. 342-2, 2023 WL 3973883, at *2 (S.D.N.Y. June 13, 2023) ("Defendant's obesity and hypertension, combined with the mere existence of COVID-19, do not present extraordinary and compelling reasons to justify his release."); *United States v. Dennis*, No. 21 Crim. 142, 2023 WL 3731275, at *1 (S.D.N.Y. May 12, 2023) ("[I]f preexisting medical conditions such as obesity were the end of the compassionate-release inquiry, every inmate who suffers from a COVID-19 risk factor would be entitled to release."); *United States v. Dominguez*, No. 15 Crim. 401-2, 2023 WL 3380202, at *2 (S.D.N.Y. May 11, 2023) ("Courts in this Circuit have repeatedly held that a Defendant's elevated risk of developing COVID-19 symptoms is insufficient to justify compassionate release."); *United States v. Suarez*, No. 16 Crim. 453, 2020 WL 7646888, at *4 (S.D.N.Y. Dec. 23, 2020) ("[N]umerous courts in this Circuit have continued to hold that obesity -- particularly where, as here, the movant's BMI is just barely above 30 -- does not constitute 'extraordinary and compelling' circumstances calling for relief.").  Defendant, whose self-reported BMI of 30.1 only narrowly qualifies him as obese, has failed to demonstrate the kind of "greatly changed" health circumstances needed to justify a departure from the Prior Order denying Defendant's request for sentence reduction.

WHEREAS, Defendant has received at least two doses of the COVID-19 vaccine. Defendant correctly observes that the COVID virus "has continually evolved," contributing to the occurrence of breakthrough infections.  But the overall rate of COVID infection has fallen drastically since the height of the pandemic.  These improved conditions have caused courts to look more skeptically at claims that COVID-19 presents an extraordinary and compelling reason

to justify a sentence reduction.  *See United States v. Blair*, No. 20 Crim. 342-2, 2023 WL

3973883, at *2 (S.D.N.Y. June 13, 2023) ("[S]ince [Defendant] filed his motion, the threat from

COVID-19 has diminished nationwide."); *United States v. Jenkins*, No. 16 Crim. 391-1, 2023

WL 3479525, at *1 (S.D.N.Y. May 16, 2023) ("[T]he conditions of confinement due to COVID-

19 are far better than they were in 2020 or even 2021.").  Defendant's concern that he has not

received vaccine boosters to supplement his initial two-dose series is effectively mooted by his

transfer to the Bronx RRC, where he may attend appointments at outside healthcare facilities and

seek booster shots.  Booster shots of the updated COVID-19 vaccine can bolster protection that

has waned since previous doses.  *See Overview of COVID-19 Vaccines*, Ctrs. for Disease Control

& Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-

vaccines/overview-COVID-19-vaccines.html [https://perma.cc/RP8A-DY8E].  Defendant's

allegations that masks are no longer available or are prohibited by Corrections Officers at FCI

Milan are no longer relevant as Defendant is now housed at a different facility.  Defendant has

available simple measures to prevent COVID infection -- booster shots, masks and adequate

healthcare.

**Other Grounds for Defendant's Motion**

WHEREAS, the other grounds cited in Defendant's motion also do not constitute

extraordinary and compelling reasons warranting a sentence reduction.

WHEREAS, Defendant points to harsh conditions of his confinement, first at the

Metropolitan Detention Center in Brooklyn ("MDC Brooklyn"), and later at FCI Milan.  The

Prior Order rejecting Defendant's first motion for sentence reduction duly considered the harsh

conditions Defendant experienced at MDC Brooklyn.  While the Court is sympathetic to poor

conditions that many prisoners experienced during the pandemic, the Prior Order found the

record to contain no evidence that the conditions of Defendant's confinement at MDC Brooklyn were particularly harsh.

WHEREAS, Defendant describes the overcrowding and unsanitary facilities he encountered at FCI Milan.  The Government concedes that Defendant "appears to have suffered harsh conditions of confinement" while there.  But although Defendant's relocation to the Bronx RRC halfway house "does not automatically moot a sentence reduction motion[,] . . . the implications of his release" are relevant to the "analysis of whether his case presents extraordinary and compelling circumstances."  *United States v. Jones*, No. 19 Crim. 125, 2023 WL 2929299, at *2-3 (S.D.N.Y. Apr. 13, 2023).  At Bronx RRC, Defendant is closer to his family, may seek authorization to leave through sign-out procedures, and is benefitting from "employment counseling, job placement, financial management assistance, and other programs and services" that will facilitate his transition back into the community.  *See Federal Bureau of Prisons: About Our Facilities*, Fed. Bureau of Prisons,

https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp [https://perma.cc/BES3-XZ2N].  "Granting [Defendant] a sentence reduction would not take him out of the facility that imposed the conditions he complains of, but would instead take him out of the halfway house."  *United States v. Johnson*, No. 18 Crim. 907, 2021 WL 4120536, at *3 (S.D.N.Y. Sept. 9, 2021).  Defendant's placement at Bronx RRC is intended to benefit him, and it is appropriate for Defendant to finish serving the remainder of his sentence there.

## Section 3553(a) Factors

WHEREAS, the Court considered the 18 U.S.C. § 3553(a) factors at the time of sentencing, and again in deciding Defendant's first motion for sentence reduction, and found Defendant's sentence warranted under all the circumstances.  In light of the Court's

consideration of those factors, Defendant was sentenced to the lowest possible sentence permitted by the statute for the crime to which he pleaded guilty.  The most notable change in circumstances relevant to these factors is Defendant's relocation to the Bronx RCC.  As Defendant observes, this transfer reflects his diminished recidivism risk and positive conduct post-sentencing, both welcome developments.  However, it also reflects Defendant's need for services and counseling to aid his transition into community life, which he will receive at the Bronx RCC.  No compelling reason warrants shortening that process.

For the foregoing reasons, it is hereby **ORDERED** that Defendant's motion for compassionate release is **DENIED**.

The Government is directed to serve on Defendant a copy of this Order by mail and file proof of service on the docket.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 92.

Dated: June 30, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE